Archibald C. Wemple, J.
The petitioner has challenged the constitutionality of section 31 of the Multiple Residence Law of the State of New York. The section of the law in review reads as follows: “Every stair leading from a cellar to the floor above in all old multiple dwellings shall be enclosed with fire-retarded partitions and shall be equipped with a fire-retarded self-closing door located as the department may approve ”. In accordance with this section, the Building Inspector of the City of Schenectady issued the order to which this motion is directed. The petitioner contends that the purpose of this statute was for fire protection and that the cellar of the property in question contained no fire hazard. Petitioner contends that the statute and the order requires him to do a purposeless thing. Further, the petitioner contends that to spend moneys unnecessarily to conform as prescribed would constitute a deprivation of property and that this is an invasion of the petitioner’s constitutional rights.
The court finds no merit in the petitioner’s contention. The statute does not state exceptions. It covers all old multiple dwellings. There does not even appear to be a provision for review of orders relating to the violations in the cellar areaway. The statute is for the protection of the public generally and although in this instance it may affect the petitioner adversely, this fact alone would not make the statute unconstitutional. The classic concept of any law is that its goal is to promote the general good of society at large. To put it simply, the function of law is to provide “ the greatest good for the greatest number ’ ’. In its enforcement, an individual or a minority of individuals may feel the pinch of a restrictive law. This is the privilege and the penalty of living in a democracy. The obvious remedy of the petitioner is relief by legislative action. It is the function of the court to interpret the law, not to legislate or amend the law.
Motion denied.